```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LORD SEBEK UPTOWN BEY,                        :
                                              :
                    Plaintiff,                :
                                              :
         v.                                   :     MEMORANDUM & ORDER
                                              :     21-CV-4090 (WFK)(RER)
                                              :
MARY-ELIZABETH FURMAN, Child Support          :
Worker; JOHN DOE, Child Support Supervisor;   :
THERESA M. CICCOTTO, MJ Kings County          :
DIJOSEPH & PORTEQUELLO/ARNOLD E.              :
DIJOSEPH, ESQ.; JOANNE D. QUINONES,           :
MJ Kings County,                              :
                                              :
                    Defendants.               :
----------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 21, 2021, pro se plaintiff Lord Sebek Uptown Bey ("Bey" or "Plaintiff")[1] commenced this complaint challenging his obligation to pay child support. He seeks unspecified declaratory relief. Plaintiff paid the filing fee to commence this action. For the reasons discussed below, the Complaint is hereby DISMISSED.

## BACKGROUND

Although the Complaint is unclear, it appears Plaintiff brings this Complaint to challenge his obligation to pay child support. Plaintiff filed his Complaint under the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331 and 1332, against two state court judges—the Honorable Joanne D. Quinone, and the Honorable Theresa M. Ciccotto; a lawyer and his

---

[1] Plaintiff is also known as Frederick Campbell. Plaintiff had a prior action in this Court in which he sought to remove a contested divorce-court proceeding from the Supreme Court of the State of New York, County of Kings, Index No. 52579/2018. *Campbell v. Rudd-Campbell*, 20-CV-1521 (EK)(RML) (filed Mar. 20, 2020). By Order dated April 30, 2020, the case was remanded. The Clerk of Court is directed to correct the docket to reflect that Lord Sebek Uptown Bey is also known as Frederick Campbell and to note his prior action.

1

firm—Arnold E. DiJoseph, DiJoseph & Portegello; and two individuals who work for the New York State Department of Family Affairs—Mary Elizabeth Forman, Child Support worker, and "John Doe" Child Support Supervisor. ECF No. 1 at 3–4, 6. His statement of claim, states in its entirety:

> Defendants under business titles ignored proof of copyright, cease and desist and all controls between plaintiff and state. Used plaintiff's private property to enrich its agency through taxes. Total disregard for constitution and federal documents. Attempts to make living natural man part of a unlawful marriage. Theres [sic] no contract.

ECF No. 1 at 7. He does not connect any allegations in his Complaint to the defendants he has named. Attached to the Complaint are documents indicating that in July 2020 he paid $2400.00 in child support. ECF No. 1 at 36–41, 48–49. He seeks "declaratory relief consistent communication to reclaim private property caused punitive damages." *Id.* at 9.

## STANDARD OF REVIEW

In reviewing Plaintiff's Complaint, the Court is mindful that the submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

Even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998). This standard authorizes dismissal when it is "clear" that the defendant is immune from suit. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

2

**DISCUSSION**

An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted). Here, the Complaint lacks an arguable basis in law, and a dispositive defense, judicial immunity, appears on the face of the Complaint.

I.  There Is No Legal Basis For The Complaint.

Plaintiff's submission does not allege facts in support of any legal claim. Plaintiff filed his Complaint on a form provided for the Clerk's Office for complaints. The form asks: "List the specific statutes, federal treaties, and/or provision of the United States Constitution that are at issue in this case." In response, Plaintiff citied "U.S.C. article 6, Treaty of Peace and Friendship, 28 U.S.C. 1331, 1332, 1608, copyright 17 U.S.C. § 501, 17 U.S.C. Ch. 5." ECF No. 1 at 6. None of the federal laws listed on the form complaint appear relevant to a challenge to Plaintiff's child support obligation. Plaintiff pleads no facts relevant to copyright law (17 U.S.C. Ch. 5, including § 501) or domestic security (Article VI of the United States Constitution) and the other laws cited address this court's subject matter and service of a complaint on a foreign state (28 U.S.C. § 1331, 1332, 1608) and an irrelevant Eighteenth-century Treaty, discussed more fully below. The Complaint also makes no allegations at all regarding the conduct of any of the Defendants. The Complaint, liberally construed, lacks an arguable basis in law.

Moreover, the Complaint suggests that Plaintiff is seemingly an adherent of the "sovereign citizenship" movement. ECF No. 1 at 6, 19, 32, 52, 55; *see United States v. Ulloa*, 511 Fed. App'x 105, 107 n.1 (2d Cir. 2013) (summary order) ("[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy

3

and therefore have no authority to regulate their behavior; the FBI has labeled the sovereign citizens a domestic terrorist group."). To the extent Plaintiff relies on the "sovereign citizen" theory to assert that he is beyond the jurisdiction of the state or federal courts, such an assertion lacks an arguable basis in law. *See Faltine v. Murphy*, 15-CV-3961, 2016 WL 3162058, at *3 (E.D.N.Y. June 3, 2016) (Mauskopf, J.) (noting that arguments based on "a so-called 'sovereign citizen' theory . . . have been repeatedly rejected by federal courts"); *Muhammad v. Smith*, 13-CV-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (D'Agostino, J.) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases). The Treaty of Peace and Friendship to which he cites, ECF No. 1 at 6,14–17, and is often relied upon by sovereign citizens, does not provide a basis in law for his claim. *See, e.g., Bey v. Barnett*, 18-CV-3935, 2018 WL 5830815, at *1 (E.D.N.Y. Nov. 7, 2018) (Chen, J.) (finding in a case challenging family court proceedings that neither the plaintiff's reliance on the Treaty of Peace and Friendship nor the proposed Sundry Free Moors Act of 2012 provided the court with jurisdiction); *El v. O'Brien*, 12-CV-01793, 2012 WL 2367096, at *3 (E.D.N.Y. June 20, 2012) (Irizarry, J.) (finding that the Treaty of Peace and Friendship "simply has no relevance to [the p]laintiff's or [the d]efendants' rights or obligations with respect to a mortgage or property located in this state"); *Bey v. City of Rochester*, 11-CV-6457, 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) (Siragusa, J.) (dismissing as frivolous the plaintiffs' claim against the city's foreclosure of their property based on Treaty of Peace and Friendship and references to the Rights of Indigenous Peoples).

       Therefore, Bey's complaint is dismissed as frivolous because it lacks an arguable basis in law.

4

II.     The Defendant Judges Have Immunity

Moreover, the Complaint against the Defendant judges is frivolous because it is "clear that the defendant[] is immune from suit." *Montero v. Travis*, 171 F.3d at 760. The Honorable Joanne D. Quinones and the Honorable Theresa M. Ciccotto have absolute immunity from suits for damages for judicial acts performed in their judicial capacities. *See Warden v. Dearie*, 172 F.3d 39 (2d Cir. 1999) (citing *Mireles v. Waco*, 502 U.S. 9, 11 12 (1991) (noting judges are immune to suit except for actions not taken in judicial capacity and actions taken in complete absence of all jurisdiction). The fact that Plaintiff seeks declaratory relief in this action does not alter these Defendants' entitlement to immunity to this action. *LeDuc v. Tilley*, 05-CV-157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (Kravitz, J.) ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."). Accordingly, the Complaint against the judicial defendants is also DISMISSED as frivolous.

III.    The Court Must Abstain Under the Domestic-Relations Abstention Doctrine.

The Court understands Plaintiff's Complaint as asserting claims in which Plaintiff asks the Court to nullify a determination of the New York state court with regard to Plaintiff's obligation to pay child support. Under the domestic-relations abstention doctrine, the Court must abstain from exercising its federal-question jurisdiction over these claims.[2]

---

[2] Plaintiff invokes both the Court's federal-question jurisdiction and diversity jurisdiction, ECF No. 1 at 6, but since the minimal allegations of the Complaint indicate that complete diversity is lacking (both Plaintiff and at least one defendant are citizens of New York), ECF No. 1 at 6–7, this court is without diversity jurisdiction over the Complaint. *France v. Thermo Funding Co., LLC*, 13-CV712, 2013 WL 5996148, at *2 (S.D.N.Y. Nov. 12, 2013) (Scheindlin, J.) ("Federal jurisdiction may not be asserted on the basis of diversity unless 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'") (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Moreover, if it had diversity jurisdiction, the domestic relations exception would require the Court to dismiss the Complaint for lack of subject

5

In *American Airlines, Inc. v. Block*, the Second Circuit held that "[a] federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising federal jurisdiction so long as there is no obstacle to their full and fair determination in state courts." 905 F.2d 12, 14 (2d Cir. 1990); *see Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018) ("Family law, after all, is an area of law that federal courts and congress leave almost exclusively to state law and state courts."). For example, a federal district court should abstain from exercising its federal-question jurisdiction over claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Id.* (internal quotation marks and citation omitted).

The Second Circuit recently re-affirmed the holding of *American Airlines* in *Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019). In *Deem*, a plaintiff sued his wife, their marriage counselor, and a family court judge alleging the defendants violated his constitutional rights by seeking and obtaining an order of protection prohibiting him from contacting his children. 941 F.3d at 623–25. The Second Circuit held that the district court properly abstained from exercising jurisdiction over the case pursuant to *American Airlines* because plaintiff's claims were, "at a minimum, on the verge of being matrimonial in nature" and there was "no obstacle to their full and fair determination in state courts." *Id*. at 623. Federal district courts must therefore abstain from exercising federal-question jurisdiction over claims involving domestic-relations issues and dismiss those types of claims for lack of jurisdiction when they are asserted under diversity jurisdiction. *See id.* at 621–24.

---

matter jurisdiction. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992).

The Court liberally construes the Complaint as arising under the Court's federal-question jurisdiction and challenging his duty to pay child support. His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from state court determinations and their enforcement. *Am. Airlines*, 905 F.2d at 14; *Myers v. Sara Lee Corp.*, 08-CV-1421, 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) (Matsumoto, J.) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

Plaintiff alleges no facts suggesting that there are any obstacles preventing him from receiving a full and fair determination regarding whether he owes child support. Accordingly, under the domestic-relations abstention doctrine, the Court abstains from exercising its federal-question jurisdiction over Plaintiff's federal-law claims arising from those issues.

## CONCLUSION

Accordingly, the Complaint is DISMISSED as frivolous, *Fitzgerald*, 221 F.3d at 363–64; *Livingston*, 141 F.3d at 473; *Montero*, 171 F.3d at 760, and alternatively, under the domestic-relations abstention doctrine. The Court has considered affording Plaintiff a chance to amend the Complaint, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), but declines to do so viewing such an opportunity as futile because a review of the Complaint does not suggest that Bey has inadequately or inartfully pleaded any potentially viable claims.

The Clerk of Court is directed to correct the plaintiff's name to include that he is also known as Frederick Campbell, list his prior case on the docket, enter judgment, terminate any pending motions, and close this case.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
U.S. DISTRICT JUDGE

Dated: August 19, 2021
       Brooklyn, New York