UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LORD SEBEK UPTOWN BEY,

                    Plaintiff,           **MEMORANDUM & ORDER**
                                       21-CV-4090(WFK)

     v.

MARY-ELIZABETH FURMAN, Child Support
Worker; JOHN DOE, Child Support Supervisor;
THERESA M. CICCOTTO, MJ Kings County
DIJOSEPH & PORTEQUELLO/ARNOLD E.
DIJOSEPH, ESQ.; JOANNE D. QUINONES,
MJ Kings County,

                  Defendants.
------------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

By Order dated August 23, 2021, this action was dismissed as frivolous; Judgment was entered on August 25, 2021. The Court liberally construes Plaintiff's letter, submitted August 30, 2021, as a request for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure since it was filed within twenty-eight days of the judgment. *See* Fed. R. Civ. P. 59(e). For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

Under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, a court may grant reconsideration on the basis of an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation marks and citation omitted). The standard for granting a reconsideration motion is "strict," and reconsideration generally will be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995) (citations omitted). "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P*., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (quotations omitted).

In his submission, Plaintiff does not identify any intervening change of controlling law, or the availability of new evidence, that would warrant the Court's reconsideration of its order dismissing Plaintiff's complaint. Nor does Plaintiff identify any controlling decisions that the Court overlooked in its prior order. In other words, Plaintiff does not point the Court to any ground for reconsideration under the strict standards of Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e). Therefore, Plaintiff's motion is DENIED.

## CONCLUSION

Accordingly, the motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to send a copy of this Order and note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

**s/ WFK**

_____
WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2021
      Brooklyn, New York